UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI KARIMI, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Deutsche Bank Aktiengesellschaft, *et al.*,<br><br>Defendants. | Civ. No. 20-8978 (ES) (MAH)<br><br>MEMORANDUM & ORDER |

MCNULTY, DISTRICT JUDGE

Before the Court is the motion of Yun Wang to be appointed as lead plaintiff and to appoint his attorneys, Pomerantz LLP, as lead counsel for the proposed class in this matter. (DE 18). Defendants, Duetsche Bank Aktiengesellschaft, John Cryan, Christian Sewing, and James Von Moltke, "take no position on the Court's appointment of lead plaintiff or approval of lead plaintiff's selection of counsel." (DE 21 at 2). Judge Salas has referred this matter to me for purposes of this motion, which I decide without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). Having reviewed Wang's motion, as well as the docket for this matter, and for good cause shown, I find as follows:

1.     On July 15, 2020, plaintiff Ali Karimi filed this putative securities class action against Defendants, "seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies

under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder." (DE 1, Complaint ¶ 1).

2.      Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the plaintiff must "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class" of both the pendency of the action and each member's right to file a motion, within 60 days of the notice, seeking appointment as lead plaintiff of the purported class. 15 U.S.C. § 78u-4(a)(3)(A)(i).

3.      On July 15, 2020, Pomerantz, counsel for plaintiff in this action, caused a notice to be published over *PRNewswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against the Defendants and advised investors of Deutsche Bank securities that they had until September 14, 2020—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff. (DE 18-2 ("Mov. Br.") at 6–7; *see also* DE 18-3, Exhibit B).

4.      The PSLRA provides, *inter alia*, that the most adequate plaintiff to serve as lead plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to the PSLRA notice, has the largest financial interest in the relief sought by the Class, and satisfies the pertinent requirements of Federal Rules of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

5.      The 60-day deadline has passed, and although one other individual filed a motion seeking to be appointed as lead plaintiff (DE 17), that motion has since been withdrawn (DE 20). Thus, Wang is the only person who has made a motion in response to the PSLRA notice.

6.      Moreover, it appears that Wang has the largest financial interest in this action, having allegedly "(1) purchased 37,050 shares of Deutsche Bank stock; (2) expended $487,184 on his purchases of Deutsche Bank stock; (3) retained 25,450 of his shares of Deutsche Bank stock; and (4) as a result of the disclosures of the fraud, suffered a loss of $151,466 in connection with his Class Period purchases." (Mov. Br. at 8; DE 18-3, Exhibit A).[1]

7.      When determining whether a movant "otherwise satisfies the requirements of Rule 23," in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), the "inquiry focuses on [Rule 23's] 'typicality' and 'adequacy' requirements at this stage of the litigation, and only a preliminary showing of both typicality and adequacy is necessary." *Sklar v. Amarin Corp. PLC*, No. 13-6663, 2014 WL 3748248, at *6 (D.N.J. July 29, 2014) (citing *In re Cendant Corp. Litig.,* 264 F.3d 201, 263 (3d Cir. 2001)).

8.      "To meet the 'typicality' requirement, a plaintiff's claims must arise from the same conduct from which the other class members' claims and injuries arise." *Id.* Here, the record reflects that Wang's claims share substantially similar questions of law and fact with the claims of the putative

---

[1]      In the other motion to be appointed lead plaintiff (DE 17), that individual claimed to have suffered a financial loss larger than that claimed by Wang. For whatever reason, however, that motion has been withdrawn. (DE 20).

class members. Wang, like all putative class members, alleges that "Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Deutsche Bank, or omitted to state material facts necessary to make the statements they did make not misleading." (Mov. Br. at 9–10; *see also e.g.*, Complaint ¶¶ 4 & 54). Wang, like all putative class members, was allegedly injured by buying Deutsche Bank securities at prices allegedly artificially inflated by Defendants' misstatements and omissions. (*See, e.g.*, Mov. Br. at 9–10; Complaint ¶ 66). Therefore, Wang has made a prima facie showing of typicality. *See, e.g.*, *Sklar*, 2014 WL 3748248, at *6.

9.     "[T]he 'adequacy' requirement is satisfied when there is no conflict between the proposed lead plaintiff and members of the class, and the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Sklar*, 2014 WL 3748248, at *6. Here, based on the record thus far, Wang has a sufficient interest in the outcome of this case, as demonstrated by his filing a motion to become lead plaintiff and his large financial interest in this action. Moreover, Wang has retained competent counsel to represent him, and nothing in the record suggests that there is any conflict between Wang's claims and those of the other members of the putative class. (*See* DE 18-3, Exhibit C). Therefore, the Court finds that Wang has made a prima facie showing of adequacy. *Sklar*, 2014 WL 3748248, at *6.

10.     As Wang has satisfied each requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court will presume that he is the "most adequate

plaintiff." *See id.*

11.    No party has made any arguments aimed at rebutting that presumption in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II), or provided evidence in support of such an argument. Therefore, the Court finds that Wang is the "most adequate" putative class member to serve as lead plaintiff in this matter.

12.    Pursuant to the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). In determining whether to approve the lead plaintiff's choice of counsel, "[t]he court must make 'an independent evaluation of, among other considerations, the effectiveness of proposed class counsel to ensure the protection of the class.'" *Takata v. Riot Blockchain, Inc.*, No. 18-2293, 2018 WL 5801379, at *6 (D.N.J. Nov. 6, 2018) (quoting *In re Milestone Scientific Sec. Litig.*, 187 F.R.D. 165, 176 (D.N.J. 1999)); *see also Patel v. Zoompass Holdings Inc.*, No. 17-3831, 2017 WL 4179814, at *2 (D.N.J. Sept. 20, 2017) ("The Court should not disturb the plaintiff's choice unless the Court finds it necessary to protect the interests of the class.").

13.    The Court, having reviewed Pomerantz's resume (DE 18-3, Exhibit D), finds that Pomerantz has extensive experience in class action litigation, including securities litigation. Pomerantz has an established practice in that area, having been appointed as lead counsel in securities class actions in numerous cases through the nation. (*Id.* at 2–5).

5

Accordingly, IT IS this 28th day of December 2020,

**ORDERED** that the motion is GRANTED, and Wang is hereby appointed as lead plaintiff and Pomerantz is appointed as lead counsel; and it is further

**ORDERED** that Pomerantz shall manage the prosecution of this litigation, avoiding duplicative or unproductive activities, and is hereby vested by the Court with responsibilities that include, without limitation, the following: (1) to coordinate the briefing and argument of motions; (2) to coordinate the conduct of discovery proceedings; (3) to coordinate the examination of witnesses in depositions; (4) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences; (5) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time; (6) to coordinate all settlement negotiations with counsel for defendants; (7) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; (8) to supervise any other matters concerning the prosecution, resolution or settlement of the Action; and (9) serve as the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

/s/ Kevin McNulty

_____

**Kevin McNulty, U.S.D.J.**